# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ROSALIE CARLOS ROBLES, ) No. EDCV 16-2089-AS
                Plaintiff, )
    v. ) **MEMORANDUM OPINION AND**
NANCY A. BERRYHILL,[1] ) **ORDER OF REMAND**
Acting Commissioner of Social )
Security, )
                Defendant. )

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

## I. PROCEEDINGS

On October 3, 2016, Plaintiff Rosalie Carlos Robles ("Plaintiff") filed a Complaint seeking review of the denial of her application for Supplemental Security Income Benefits (SSI). (Docket

---

[1] Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin. See Fed. R. Civ. P. 25(d).

1

Entry No 1). On February 15, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15, 16). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 12, 13). On August 3, 2017, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 21).

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, formerly employed as a cashier and a teacher's aide, (AR 177), filed her SSI application on May 21, 2013, alleging a disabling condition beginning March 15, 2013, (AR 149), as a result of stage three breast cancer (AR 176). On February 12, 2015, Administrative Law Judge Sharilyn Hopson ("ALJ") examined the record and heard testimony from medical expert Dr. Robert Sklaroff, vocational expert Allen Ey ("VE"), and Plaintiff, who was represented by counsel. (AR 27-50). The ALJ then denied Plaintiff's application in a written decision on March 31, 2015. (AR 10-21).

The ALJ applied the requisite five-step process to evaluate Plaintiff's case. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date of May 21, 2013. (AR 12). At step two, the ALJ found that Plaintiff had the following severe impairments: breast cancer, status post bilateral mastectomy and removal of local lymph nodes; anemia; lymphedema; and depression. (Id.). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a

2

Listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 13). Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC")[2] to perform light work with the following limitations: "lift and/or carry 10 pounds frequently, 20 pounds occasionally; stand, walk, or sit 6 hours out of an 8-hour day; occasionally climb stairs, no ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and limited to simple routine tasks." (AR 15).

The ALJ then proceeded to steps four and five. At step four, the ALJ determined that Plaintiff was not able to perform her past relevant work as a child care attendant and sales clerk. (AR 19). Relying on the VE's testimony at step five, the ALJ found Plaintiff, with her age, education, work experience, and RFC, can perform the following representative jobs existing in significant numbers in the national economy: cashier II (Dictionary of Occupational Titles ("DOT") 211.462-010) and storage-facility rental clerk (DOT 295.367-026). (AR 20). Accordingly, the ALJ concluded that Plaintiff has not been disabled since she filed her application on May 21, 2013. (Id.).

On April 29, 2015, Plaintiff requested that the Appeals Council review the ALJ's Decision, and the Appeals Council denied her request on August 4, 2016. (AR 1-10). The ALJ's Decision thus became the

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

3

Commissioner's final decision, allowing this Court to review it. See 42 U.S.C. §§ 405(g), 1383(c).

### III. STANDARD OF REVIEW

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

### IV. PLAINTIFF'S CONTENTIONS

Plaintiff raises two grounds for relief. First, she argues that the ALJ erred in rejecting the opinion of her treating physician. (Joint Stip. at 2-6). Second, she contends that the ALJ improperly found that she could perform the jobs of cashier II and facility rental clerk, despite the ALJ's failure to reconcile a conflict between the VE's testimony and the DOT's description of these jobs. (Id. at 10-15).

**V. DISCUSSION**

After reviewing the record, the Court finds that Plaintiff's second claim warrants remand for further consideration. The Court declines to address Plaintiff's other claim.

**A. The ALJ Materially Erred In Concluding That Plaintiff Could Perform The Jobs Of Cashier II And Rental Facility Clerk**

Plaintiff contends that the ALJ erred in finding that she could perform the occupations of cashier II (DOT 211.462-010) and storage-facility rental clerk (DOT 295.367-026) because these jobs require a level of reasoning that conflicts with Plaintiff's RFC limitation to "simple routine tasks," and the ALJ failed to reconcile that conflict. (Joint Stip. at 10-15).

In considering potential occupations that a claimant could perform, the ALJ relies on the DOT and VE testimony. 20 C.F.R. § 416.966(e); Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2015). "When there is an apparent conflict between the [VE's] testimony and the DOT — for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear to be more than the claimant can handle — the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846 (citing Massachi v. Astrue, 486 F.3d 1149, 1153–54 (9th Cir. 2007). An ALJ's failure to inquire into an apparent conflict is harmless where there is no actual conflict between the RFC and the DOT. Ranstrom v. Colvin, 622 F.

App'x 687, 689 (9th Cir. 2015) (citing Massachi, 486 F.3d at 1154 n. 19).

Here, the VE testified that Plaintiff could perform the occupations of cashier II (DOT 211.462-010) and storage-facility rental clerk (DOT 295.367-026), (AR 47-48), and the ALJ adopted that testimony, finding it "consistent with the information contained in the [DOT]," (AR 20).  According to the DOT, both of these jobs require Level 3 reasoning, which is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," as well as the ability to "[d]eal with problems involving several concrete variables in or from standardized situations."  See Cashier II, DOT 211.462-010; Storage-Facility Rental Clerk, DOT 295.367-026.  As noted, the ALJ limited Plaintiff to "simple routine tasks."  (AR 15, 47).

An apparent conflict exists as a matter of law between the ALJ's finding that Plaintiff is limited to "simple routine tasks" and the VE's testimony that a person with Plaintiff's limitations could perform DOT jobs requiring Level 3 reasoning.  See Zavalin, 778 F.3d at 846-47 (finding an apparent conflict between the ALJ's finding that the claimant retained the RFC to perform simple, routine, or repetitive work, and the Level 3 reasoning requirements of the cashier and surveillance system monitor jobs that the ALJ found the claimant capable of performing).  The ALJ's failure to resolve that apparent conflict was legal error.  See id. at 847.

Defendant contends that any error here was harmless, noting that the Ninth Circuit in Zavalin "engaged in a thorough harmless error analysis before determining that the ALJ's failure to address the DOT conflict between a[n] RFC for simple and repetitive work and a Level Three Reasoning job was reversible error." (Joint Stip. at 17). In Zavalin, the court assessed whether the error was harmless by considering the DOT's descriptions of the jobs at issue – cashier and surveillance system monitor – in relation to the evidence that the ALJ relied on to assess the claimant's abilities. See Zavalin, 778 F.3d at 848. The Commissioner in Zavalin argued the error was harmless because the claimant's success in math classes and his use of computer and video games demonstrated that he was capable of performing the jobs. Id. The Ninth Circuit disagreed. Id. First, the court noted that the claimant's math classes were part of a special education program. Id. Indeed, the claimant had graduated high school only with "a modified diploma" conferred on students who were unable to satisfy the standard educational requirements. Id. at 847. Second, the Court determined that it could not rely on evidence of video game and computer use because the ALJ had not relied on it. Id. at 848 (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)).

Defendant attempts to distinguish this case from Zavalin by pointing out that Plaintiff competed high school. (Joint Stip. at 17). But while this fact may be relevant to the inquiry, it is clearly insufficient to show whether she can perform jobs that require Level 3 reasoning. The Court in Zavalin stated that "there is no rigid correlation between reasoning levels and the amount of

education that a claimant has completed." Zavalin, 778 F.3d at 847. This is because the reasoning levels do not correspond only to a claimant's education level; rather, they "correspond to the claimant's ability because they assess whether a person can 'apply' increasingly difficult principles of rational thought and 'deal' with increasingly complicated problems." Id.

Defendant contends that the medical evidence, too, demonstrates Plaintiff's ability to perform jobs with Level 3 reasoning. (Joint Stip. at 17-18). For support, Defendant asserts that the limitation to "simple routine tasks" was based solely on Plaintiff's subjective complaints, while the two state agency psychological consultants[3] opined that Plaintiff did not have a severe mental impairment. (Id. at 18).

Notwithstanding Defendant's view of the record, however, the ALJ specifically found the psychological consultants' opinions "not consistent with the full medical evidence of record," and thus gave them "less weight." (AR 17). And while the ALJ acknowledged there was "little" objective medical evidence to show "deficits in attention, concentration and memory," the ALJ determined that "the common side effects of the chemotherapy when combined with the effects of her depression limit the complexity of the activities [Plaintiff] would be able to sustain on a regular and continuous basis." (AR 16). For that reason, the ALJ limited Plaintiff to "simple routine tasks." (Id.).

---

[3] Defendant refers to the sources as "physicians" but presumably means the two psychological consultants Heather Barrons, Psy.D. and Peggy Elam, Ph.D.

8

Based on the DOT, both jobs at issue involve some tasks that do not seem simple or routine. A cashier, for instance, must make change, compute bills, and verify cash on hand against totals on the register tape, among other things. Cashier II, DOT 211.462-010. They may also need to "give cash refunds or issue credit memorandums." Id.; see Zavalin, 778 F.3d at 848 ("As a cashier, reconciling the cash on hand against the cash register's tape and issuing credit memorandums to customers could contain situational variables that may not be simple or repetitive."). A storage-facility rental clerk must, among other things, compute rental fees; help customers select appropriate storage units; keep track of rental statuses, expirations, and waiting lists; and monitor security and surveillance cameras to ensure that they are working correctly. Storage-Facility Rental Clerk, DOT 295.367-026.

Since the ALJ's decision gives no indication that Plaintiff is capable of performing work that requires Level 3 reasoning despite the limitation to "simple routine tasks," there is no basis for the Court to conclude that the ALJ's failure to reconcile the conflict amounts to harmless error.

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). The Ninth Circuit has stated that a remand for benefits is warranted "only in 'rare circumstances.'" Treichler v. Comm'r of Soc. Sec.

Admin., 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004)). Such circumstances are present only where the following elements are satisfied: (1) "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; (2) "the record has been fully developed, [and] there are [no] outstanding issues that must be resolved before a determination of disability can be made"; and (3) the record as a whole, with the relevant testimony or evidence credited as a matter of law, "leaves not the slightest uncertainty as to the outcome of [the] proceeding." Id. at 1100-01 (9th Cir. 2014) (internal quotations and citations omitted).

Here, the ALJ materially erred by failing to reconcile the apparent conflict between the VE's testimony and the DOT, so it remains unclear whether Plaintiff is able to perform the jobs opined by the VE and, if not, whether other work exists for her. Thus, the Court remands for further proceedings to resolve this issue, as well as to address and resolve any other issues, as necessary.[4]

//
//
//
//
//
//

---

[4] The Court has not reached any issues other than those addressed here, except as needed to conclude that further administrative proceedings are warranted.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Administrative Law Judge is VACATED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2017.

```
              /s/
        ALKA SAGAR
  UNITED STATES MAGISTRATE JUDGE
```